Filed 12/1/21  P. v. Herrera CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAUL HERRERA,<br><br>Defendant and Appellant. | F079701<br><br>(Super. Ct. No. SUF29898B)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Detjen, J. and Smith, J.

In 2008, defendant Raul Herrera was convicted of second degree murder (Pen. Code,[1] § 187 [count 1]) and active gang participation (§ 186.22, subd. (a) [count 2]). In connection with the murder conviction, the jury found: (1) the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(5)); and (2) defendant was a principal in the commission of the offense and a co-principal personally and intentionally discharged a firearm and proximately caused death to someone other than an accomplice (§ 12022.53, subds. (d), (e)(1)). The trial court imposed a sentence of 15 years to life with a minimum parole ineligibility period of 15 years, plus 25 years to life for the vicarious firearm discharge enhancement, on count 1; and a consecutive three years on count 2.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95, which was denied. On appeal, he contends that "[t]he trial court's denial of the petition without appointment of counsel and a hearing constitutes error under section 1170.95 and requires reversal."

We reverse.

## BACKGROUND

### I. The shooting[2]

At a party in Merced, members of two Merced subsets of the Norteño criminal street gang exchanged gang taunts with members of the West Coast Outlaws, an Atwater criminal street gang. Afterward, defendant and Robby Lee Maule—both Norteños— confronted members of the West Coast Outlaws in a garage off a nearby alley. Maule fired two gunshots into the garage while defendant stood behind him. Korey Suttles, a member of the West Coast Outlaws, died of a gunshot wound.

---

[1] Subsequent statutory citations refer to the Penal Code.

[2] We derive the facts of the incident from our nonpublished opinion in the direct appeal. (See *People v. Maule et al.* (May 10, 2010, F057094, F057096), as modified on denial of rehearing on June 4, 2010, [nonpub. opn.].)

## II.  The petition

On January 8, 2019, defendant filed a petition requesting resentencing pursuant to section 1170.95.  He marked the following checkboxes:

"1.  A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"2a.  At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; [¶] . . . [¶]

"3.  I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019. [¶] . . . [¶]

"4.  I request that this court appoint counsel for me during this re-sentencing process.  [¶] . . . [¶]

"6.  (If applicable) I was convicted of 2nd degree murder under the natural and probable consequences or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019."

The following sentence preceded defendant's signature:

"I declare under penalty of perjury that the above is true except as to that stated on information or belief or that which is a legal conclusion and as to those, I believe them to be true."  (Boldface omitted.)

In its ruling filed March 13, 2019, the court denied the petition.  It reasoned:

"The record shows petitioner could be convicted of second-degree murder today, regardless of the changes to sections 188 or 189, because the evidence demonstrates petitioner was charged and prosecuted under a malice murder theory.  The jury was not given a felony murder instruction.  Petitioner was prosecuted and convicted as an accomplice/aider and abettor to the crime of murder.  He was not convicted of murder under the natural and probable consequences doctrine, where malice was implied from participation in a non-target felony.  Further, the jury found as true, under the accomplice to malice murder theory, the enhancement of personal use of a firearm for gang purposes."

3.

## DISCUSSION

### I.     Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [2017-2018 Reg. Sess.] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*), quoting Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill amended sections 188 and 189 of the Penal Code. Section 188, subdivision (a)(3) now reads, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  Section 189, subdivision (e) now states, "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 (2017-2018 Reg. Sess.) also "added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, *supra*, 11 Cal.5th at p. 959.)  "Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first

degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Lewis*, *supra*, at pp. 959-960, quoting § 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A).) "Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' " (*Lewis*, *supra*, at p. 960, quoting § 1170.95, subd. (b)(1)(C).) "If a petitioner fails to comply with [section 1170.95,] subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' " (*Lewis*, *supra*, at p. 960, quoting § 1170.95, subd. (b)(2).) "Where the petition complies with [section 1170.95,] subdivision (b)'s three requirements,[3] then the court proceeds to [section 1170.95,] subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief." (*Lewis*, *supra*, at p. 960, quoting § 1170.95, subd. (c).)

Section 1170.95, subdivision (c) provides:

"The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

" 'If the petitioner has requested counsel, the court *shall* appoint counsel to represent the petitioner.' [Citation.] The combined meaning is clear: petitioners who

---

[3]  "The petition shall include all of the following: [¶] (A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(A)-(C).)

file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Lewis*, *supra*, 11 Cal.5th at p. 963.) Only after the appointment of counsel and the opportunity for briefing may the court consider the petitioner's record of conviction to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Id*. at p. 957.)

"[T]he prima facie inquiry under [section 1170.95,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Ibid.*; see *id.* at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "].)

## II.     Analysis

The record demonstrates that defendant filed a compliant petition that requested appointment of counsel. The court erred in denying the petition without appointing counsel.

In addition, the court denied defendant's petition on the grounds that he "was prosecuted and convicted as an accomplice/aider and abettor to the crime of murder" and "was not convicted of murder under the natural and probable consequences doctrine." The record demonstrates that the court instructed the jury on two distinct theories of derivative culpability for this offense: (1) defendant could be found guilty if he directly aided and abetted the perpetrator (Maule) in the commission of the murder; or

6.

(2) defendant could be found guilty if he aided and abetted the perpetrator (Maule) in the commission of another crime (assault with a firearm) and murder was a natural and probable consequence of that crime. (Cf. *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, [trial court did not provide any instruction on which jury could have found the accused guilty of second degree murder under the natural and probable consequences doctrine], abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at p. 967.) In his summation, the prosecutor reiterated that Maule was "the one who pulled the trigger" and "the one who killed [Suttles]." While he remarked that defendant was subject to " 'aider and abettor liability,' " he never articulated whether defendant was guilty because he directly aided and abetted Maule in the commission of the murder (see *People v. Prado* (2020) 49 Cal.App.5th 480, 487 [" 'direct' aider and abettor liability"]) or because he "aid[ed] and abet[ted] only an intended assault," "a murder result[ed]," and a murder was "a natural and probable consequence of the intended assault" (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117). In support of its ruling, the court pointed out that "the jury found as true" "the enhancement of personal use of a firearm for gang purposes," i.e., defendant was a principal in the commission of the murder offense and a co-principal (Maule) personally and intentionally discharged a firearm and proximately caused death to someone other than an accomplice. For the purposes of a section 12022.53, subdivision (e)(1) enhancement, however, a principal "includes aiders and abettors under the natural and probable consequences doctrine." (*People v. Lisea* (2013) 213 Cal.App.4th 408, 416.) "[T]he time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815.) Absent a record that indisputably establishes that defendant was not convicted of second degree murder under the natural and probable consequences doctrine, "the trial court should not question his evidence." (*Ibid.*; see *Lewis*, *supra*, 11 Cal.5th at p. 972 ["[T]he 'prima facie bar [is] intentionally and correctly set very

7.

low.' "].) The court erroneously determined that defendant failed to make a prima facie showing for relief.

Neither party contends that these errors were harmless and we find it reasonably probable that the petition would not have been denied in the absence of the errors. (See *Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see also *id.* at p. 973 ["Typically, when an 'error is purely one of state law, the *Watson*[4] harmless error test applies.' "].) Accordingly, we reverse.

## **DISPOSITION**

The March 13, 2019 order denying defendant's petition for resentencing pursuant to section 1170.95 is reversed. On remand, the trial court is directed to appoint counsel, issue an order to show cause, and conduct further proceedings as required under section 1170.95, subdivision (d). (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 239.)

---

[4]     *People v. Watson* (1956) 46 Cal.2d 818.